UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH D'ALESSANDRO, III,
      Plaintiff,

v.                              Case No.: 3:23cv21444/TKW/ZCB

CAPTAIN CARTER, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Lowery's Motion to Quash Summons and Dismiss. (Doc. 36). For the reasons below, the Court recommends granting Defendant Lowery's motion to the extent that it requests that service of the summons issued on March 26, 2024 (Doc. 32) be quashed and denying the motion to the extent it requests dismissal of this action.

### I. Background

Plaintiff, a Florida Department of Corrections inmate proceeding *pro se*, initiated this § 1983 action by filing a complaint and paying the $402.00 filing fee. (Docs. 1, 2). Plaintiff requested that service be made by the U.S. Marshals Service (USMS) under Federal Rule of Civil Procedure 4(c)(3). (*See* Docs. 6, 8). After several attempts to serve

1

Defendant Lowery, the Court finally directed the USMS to personally serve Defendant Lowery.  (Doc. 31).  The USMS subsequently returned an "executed" summons for Defendant Lowery on April 2, 2024.  (Doc. 34).  Under the "remarks" section on the summons, the USMS wrote: "Served to Father, who works @ Santa Rosa County Jail in Milton, FL. Father will give to son who works @ Blackwater CI."  (*Id.* at 1). Defendant Lowery now moves to quash service of process and dismiss under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.

## II. Discussion

The requirements for proper service of process are found in Federal Rule of Civil Procedure 4.  Rule 4(e) provides that:

> (e) Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

>  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

As permitted by Rule 4(e)(1), Plaintiff may serve Defendants under the laws of the state where the district court is located or the state where service is made—here, Florida. *See* Fed. R. Civ. P. 4(e)(1). In Florida, service of process upon an individual is governed by Florida Statute § 48.031(1)(a). That statute provides in relevant part as follows:

>  (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. . . .
>
>  (b) An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer. . . .

In this case, Defendant Lowery was not served with the summons in accordance with Rule 4. Neither federal law nor Florida law permit service to be made on an individual by leaving the summons and copy of

the complaint with the defendant's relative at the relative's workplace.[1]
Here, the summons and complaint were not personally served on
Defendant Lowery, left with an individual of suitable age at Defendant
Lowery's place of abode, or left with an authorized agent designated by
Defendant Lowery to accept service on his behalf.    Accordingly,
Defendant Lowery has not been properly served.

"[U]pon a showing of insufficient service of process, Fed. R. Civ. P.
12(b)(5) provides district courts with the authority to either dismiss the
complaint or to quash the service and require the plaintiff to re-attempt
service of process." *Teal v. Campbell*, No. 8:11-CV-164-T-27TGW, 2012
WL 4458387, at *2 (M.D. Fla. Sept. 26, 2012), *rev'd on other grounds*, 603
F. App'x 820 (11th Cir. 2015).  "Courts typically dismiss an action only
when there is no reasonable prospect that the plaintiff ultimately will be
able to serve the defendant properly, or when the defendant makes some
showing of prejudice due to improper service." *Talib v. Anders*, No. 3:17-
CV-452-J-39JRK, 2017 WL 7541509, at *2 (M.D. Fla. Oct. 17, 2017)
(cleaned up); *see also* 5B Charles Alan Wright et al., Federal Practice &

---

[1] There is no indication that Defendant Lowery had designated his father
as his agent to receive service of process on his behalf.

Procedure §1354 (2024) (explaining that "service generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly").  In cases where "service is insufficient but curable," courts should "generally quash the service and give the plaintiff an opportunity to re-serve the defendant."  *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

Here, the failure to perfect service was not Plaintiff's fault.  Plaintiff requested and paid the USMS to serve on his behalf.  Yet the USMS did not serve process in a manner provided for by the law.  Nevertheless, the summons was returned "executed" and an answer date for Defendant Lowery was placed on the docket.  (Doc. 34).  Plaintiff, who is not a trained lawyer, likely relied on the executed summons by the USMS and believed Defendant Lowery had been properly served.  Moreover, nothing indicates that Defendant Lowery cannot be properly served.  And Defendant Lowery has not demonstrated that he will be prejudiced if the Court quashes service of the summons instead of dismissing the complaint.  Accordingly, the Court should quash service and direct the

Clerk of Court to deliver a new summons and copy of the complaint to the USMS so that service may be made properly.[2]

### III.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    Defendant Lowery's Motion to Quash Summons and Dismiss (Doc. 36) be **GRANTED in part** to the extent that service of the summons issued on March 26, 2024 (Doc. 32) be **QUASHED** and **DENIED in part** to the extent Defendant Lowery requests dismissal.

2.    The Clerk of Court be directed to issue a summons for Defendant Lowery indicating that Defendant Lowery has **twenty-one days** in which to file a response to the amended complaint.  The Clerk be directed to then send the summons, a copy of this report and recommendation, a copy of any order adopting this recommendation (if applicable), and a copy of the amended complaint (Doc. 5) to the USMS.

3.    The USMS be directed to personally serve Defendant Lowery with the summons and complaint, pursuant to Rule 4(e) of the Federal

---

[2] As long as the Court is attempting to effect service, good cause exists to extend the time for service beyond the 90 day period set forth in Rule 4(m).  *Velazquez v. Lowery*, No. 3:21cv1831, 2022 WL 2181094, at *2 (N.D. Fla. May 17, 2022), *adop't*, 2022 WL 2176504 (June 15, 2022).

Rules of Civil Procedure. **To accomplish personal service, the USMS must do one of the following: (1) deliver a copy of the summons and complaint to the Defendant Lowery personally (this may be done in a private area designated by the individual's employer), (2) leave a copy of the summons and complaint at Defendant Lowery's place of abode with someone who is at least 15 years of age and resides there, or (3) deliver a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process**.  Fed. R. Civ. P. 4(e); Fla. Stat. § 48.031(1).

4.     Upon completion of service, direct the USMS to file with the Clerk the return of service, a copy of the summons, and a written statement of all costs incurred in effecting personal service.  If the USMS, after reasonable efforts have been made, is unable to personally serve Defendant Lowery, the USMS should be directed to immediately notify the Court.

At Pensacola, Florida this 25th day of April 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## __Notice to the Parties__

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.